UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CALVIN WEDINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-10350-JCB |
| | ) | |
| U.S. FEDERAL GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
AND MOTIONS FOR APPOINTMENT OF COUNSEL
[Docket Nos. 2, 3, 5]

March 30, 2023

Boal, M.J.

On February 16, 2023, pro se plaintiff Calvin Wedington, an inmate at FMC Devens, filed a civil complaint, a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. Docket Nos. 1, 2, 3. On March 14, 2023, Wedington filed a second motion for appointment of counsel and a letter in which he states that he is attempting to send partial payments toward the filing fee to this Court. Docket Nos. 5, 6. On March 27, 2023, Wedington filed another letter in which he appears to request, among other things, the two partial payments he claims to have submitted previously. Docket No. 7. For the reasons set forth below, this Court denies without prejudice all of the motions.

I.    Motion For Leave To Proceed In Forma Pauperis

In order to file a non-habeas civil action, a plaintiff must pay a $350 statutory fee, see 28 U.S.C. § 1914(a), and a $52 administrative fee (collectively "the filing fee"). The court may allow a financially eligible person to proceed with a lawsuit without prepayment of the filing fee.

See 28 U.S.C. §§ 1915(a), (b).  However, a prisoner who has, on three or more prior occasions, had an action or appeal dismissed on the ground that it was frivolous,[1] malicious, or failed to state a claim upon which relief may be granted, cannot proceed without prepayment of the filing fee unless the prisoner's complaint shows that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Wedington has, while incarcerated, filed three or more civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted.  See, e.g., Wedington v. Taylor, C.A. No. 11-01145 (D. Md. May 10, 2011), ECF No. 3 (dismissing complaint for failure to state a claim upon which relief may be granted); Wedington v. United States, C.A. No. 08-03115 (D. Md. Dec. 4, 2008), ECF No. 2 (dismissing complaint as frivolous); Wedington v. United States Bureau of Prisons, C.A. No. 03-00769 (E.D. Va. Mar. 23, 2004) (dismissing complaint as frivolous).[2]  Thus, he cannot proceed without prepayment of the filing fee unless he shows that the alleged misconduct set forth in his complaint places him "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Here, Wedington makes no such showing.  In his complaint, Wedington alleges that "[his] retirement checks are being direct deposited in an African Account that [his] cousin in France has control off [sic]."  Docket No. 1 at 3.  He represents that he has "no way to contact [his] cousin and has to go thru her bank in France (Paris) to get money when a crisis arises."  Id.

---

[1] As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Rather, in legal parlance, a complaint is "frivolous," if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] See also Wedington v. Gleeson, C.A. No. 20-01102 (E.D.N.Y. Apr. 11, 2022), ECF No. 4 (finding that Wedington is a "three strikes" litigant for purposes of 28 U.S.C. § 1915(g)); Wedington v. Unnamed Deputy U.S. Marshal, C.A. No. 16-03115 (E.D.N.C. May 17, 2016), ECF No. 6 (same); Wedington v. Edwards, C.A. No. 14-02883 (E.D. Pa. May 27, 2014), ECF No. 2 (same).

He further states:  "My Norfolk Southern Railroad derailed in Palestine, Ohio.  I also want money for myself.  I am disabled.  I'm also an Iraq veteran.  Need address to write or call to have yearly check send to WEDINGTON 18915-037 PO Box 474701 Des Moines, IA, 50947-0001 at National Lockbox."  Id.  Wedington seeks a "court order to have year check mail [sic] to National Lockbox until further notice."  Id. at 4.

Nothing in Wedington's pleading suggests that the alleged actions place him in "imminent danger of serious physical injury."  Accordingly, I deny Wedington's in forma pauperis motion.  The denial, however, is without prejudice to Wedington showing cause as to why the "three strikes" rule pursuant to 28 U.S.C. § 1915(g) does not prevent him from prosecuting this action without prepayment of the filing fee.

II.     Wedington's Partial Payments Toward The Filing Fee

Although Wedington's letters concerning the filing fee are not entirely clear, he does state that he has sent or is attempting to send payments in the amounts of $20 and $12 to the Clerk as partial payment towards the filing fee.  Docket No. 6.  Wedington should not send any payment for the filing fee that is less than $402.  In general, the Clerk does not accept partial filing fee payments unless the plaintiff is a prisoner who has been allowed to proceed without prepayment of the filing fee.  If the Clerk has received partial filing fee payments from Wedington, the Clerk must return the funds to him.

III.    Motions For Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In a non-habeas civil action, the court is not required to appoint counsel for an indigent party

unless denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See id.

Pending resolution of the filing fee, it would be imprudent to consider whether appointment of counsel is merited in this action.  Accordingly, this Court denies the motions for appointment of counsel.

IV.    ORDER

For the foregoing reasons, this Court hereby orders:

1.    The motion for leave to proceed in forma pauperis is DENIED without prejudice. If Wedington wishes to prosecute this action, he must, by May 1, 2023 either: (1) pay the $402 filing fee; or (2) show cause why the three strikes rule does not prevent him from prosecuting this action without prepayment of the filing fee.[3]

2.    At this time, Wedington shall not submit partial payments towards the filing fee. The Clerk shall return to Wedington any partial filing fee payments received from him.

3.    The motions for appointment of counsel are DENIED without prejudice.


 /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[3] This Court advises Wedington that, even if the filing fee is resolved, his complaint is subject to a preliminary screening and possible dismissal under 28 U.S.C. §§ 1915(e)(2), 1915A.